{¶ 25} While I concur with the analysis and judgment of the majority, I write to note that this case involves not only the discretionary authority of the Ohio EPA, but its failure to timely exercise that authority. As the majority notes, the 180-day window under OAC 3745-42-04(E) expired. In my view, the subsequent "qualified denial" hardly amounts to the proper exercise of discretionary authority. The failure to make a timely decision, with clarity, works to the detriment of the NEORSD, which, like the EPA, has commitments and responsibilities to the public that must be addressed. *Page 14 
 {¶ 26} We are bound by the jurisdictional requirements of R.C. 3745. Nevertheless, whatever the real reasons for the delay and subsequent denial, the position of the Ohio EPA should be timely and clearly communicated to the petitioning authority. Only then can a meaningful administrative appeal take place. The apparent shroud of uncertainty surrounding the permit review in this case fosters a sense of unfairness that is detrimental to the petitioning authority. R.C. 3745 should not be used as a means to delay a statutory responsibility. *Page 1